### Luke B. Miller *vs.* Asahel D. Stevens.

In an action for an injury to the plaintiff's property by the defendant while in his service the plaintiff, if a witness in his own behalf, may be asked on cross-examination whether he did not settle with the defendant for his services during the period in question without making any claim for the alleged injury.

Action of tort. The declaration averred that the plaintiff employed the defendant to peddle goods for him, and in such employment furnished the defendant with a wagon and horses; and the defendant, while so employed, over drove and neglected to take care of the horses, by reason whereof they became sick and unfit for labor, and the plaintiff was put 'to great expense in curing them. The answer denied the immoderate driving, the neglect, the injury to the horses, and the expenses of the plaintiff.

At the trial in the court of common pleas, the plaintiff introduced his own and other testimony in support of the averments in the declaration. *Bishop*, J. allowed the defendant to show by cross-examination of the plaintiff, (although the plaintiff objected that " the evidence thus offered was incompetent, and in all respects improper, and inadmissible under the defendant's answer,") that soon after the alleged wrongful acts and negligence of the defendant, and soon after his period of service was ended, the plaintiff settled with the defendant for his wages, and

gave him a note (which was also admitted in evidence, against the plaintiff's objection) for the amount due, and in making said settlement made no claim against the defendant for any of the matters alleged in this action; and that the defendant afterwards called on him repeatedly for payment of said note, and the plaintiff, without setting up any of those matters, promised to pay it. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*1 Sumner & J. E. Field,* for the plaintiff. If the matters admitted in evidence were substantial facts intended to be relied on in avoidance of the action, they should have been set forth in clear and precise terms in the answer. *St.* 1852, *c.* 312, § 18. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 542–544. If they were not such facts, the evidence was immaterial, and, being calculated to prejudice the plaintiff's action, improperly admitted.

*J. D. Colt,* for the defendant.

HOAR, J. The question, to which the defendant objected, in effect sought to ascertain whether the plaintiff, by settling with the defendant for his services, and giving him a note, without suggesting the existence of any such claim as he asserts in this action, had not, by his conduct, shown that he did not then believe that such a claim was well founded. There can be no doubt that, on the cross-examination of a plaintiff who is testifying in his own case to the existence of certain facts, it is competent to inquire of him whether he has not acted as if no such state of facts existed.            *Exceptions overruled.*