## MARCUS P. KNOWLTON *vs.* JONATHAN O. MOSELEY.

To contradict a witness, his answers on his written examination as a bankrupt, before a register in bankruptcy, are admissible in evidence, although the answers were put into writing at his dictation by his attorney, and the examination was never completed nor the answers signed.

In an action by an assignee in bankruptcy to recover land alleged to have been conveyed by the bankrupt for inadequate consideration and in fraud of his creditors, the grantee offered evidence that three years before the conveyance he bought the land at auction for a certain sum and conveyed it for the same sum to the bankrupt, who paid him in insurance stock at a fixed rate, under an agreement that if the stock changed in value due allowance should be made; that the stock greatly diminished in value; and that the bankrupt made the conveyance to him for nearly the same sum that he had before paid for the land, and in settlement of all matters in dispute between them. *Held*, that the evidence was admissible.

An assignee in bankruptcy can maintain an action under the U. S. St. of 1867, c. 176, § 14, to recover land conveyed by the bankrupt, although the conveyance was not made within six months before the beginning of the proceedings in bankruptcy, if it is fraudulent at common law as to creditors.

WRIT OF ENTRY by the assignee in bankruptcy of Addison A. Moseley, to recover land in Springfield, alleged to have been fraudulently conveyed by the bankrupt to the tenant.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the conveyance was made in July 1867, and that the proceedings in bankruptcy were begun in April 1868.

" Upon the question of fraud and the consideration of the deed, the tenant was allowed to testify, against the demandant's objection, that in the settlement of the estate of Edward F. Moseley, the father of Addison A. Moseley, of which the tenant was the administrator, and of which the demanded premises were then a part, he offered these premises at auction, with the consent of the heirs of his intestate, bid them in at the sale for $1250, and then arranged with Addison A. Moseley to let him have them at the same rate, and to have the deed made from the heirs directly to him ; that accordingly he took the note of Addison A. Moseley for $450, there then being a mortgage of $800 on the property, which was allowed to remain ; that all this occurred about the year 1864 ; that some time afterwards he received in payment of the note, from Addison A. Moseley, twelve shares of stock of an insurance company, at $50 per share, and at that time there was an understanding between them that if this stock rose or fell in value afterwards, the parties should allow on the one side or the other whatever should be right according to its value ; that afterwards the stock greatly diminished in value, and Addison A. Moseley conveyed to him the real estate in dispute for $1200, and they agreed at the same time to call all previous matters settled between them. The demandant excepted to the admission of so much of the above evidence as related to matters prior to the conveyance of July 1867. The demandant introduced no evidence tending to show fraud between the parties prior to the time of this conveyance, but relied upon various circumstances to prove this fraudulent, and among others that the value of the premises at the time was much greater than the alleged consideration.

" Addison A. Moseley was called as a witness by the tenant. After he had testified, the demandant proved that in accordance with the provisions of the bankrupt act, Addison A. Moseley was cited by the assignee to appear and submit to an examination touching his estate ; that he accordingly appeared, and the oath

was administered to him, by the register in bankruptcy, to answer truly the interrogatories propounded to him; that the examination was commenced, and continued from time to time, being conducted by putting to him interrogatories in writing, one by one, which were answered by him at the time, (the answers being put in writing by his attorney,) but that the examination had never been completed, nor the answers signed. For the purpose of contradicting the witness upon material points of his testimony at the trial, the demandant offered to show statements made in these written answers, differing from those made at this trial; and, in connection with the testimony of the attorney who wrote them, that the answers were written down correctly, as given by the bankrupt; and offered to read certain of the interrogatories and the answers; but the judge excluded the evidence. The demandant then proposed to ask of the attorney, through whom the answers were reduced to writing, what answers the bankrupt made orally to certain of these interrogatories on that occasion; but the judge excluded all evidence of what the bankrupt testified in the course of the examination."

Other objections by the demandant to the exclusion of evidence by the judge were not pressed at the argument, and are therefore not stated.

The jury returned a verdict for the tenant, and the demandant alleged exceptions.

*M. P. Knowlton, pro se.*

*H. Morris*, for the tenant.

MORTON, J. We are of opinion that one of the exceptions taken by the demandant at the trial must be sustained. For the purpose of contradicting Addison A. Moseley, who was a witness for the tenant, the demandant offered the written answers of the witness made by him in an examination under oath before a register in bankruptcy, but the court excluded them. We think these answers should have been admitted. They fall within the rule which allows a witness to be impeached by proof that he has made conflicting statements at other times. The fact that the examination was not completed and the answers not signed affects the weight of the testimony, but does not render it incompetent.

The answers, though not written by the hand of the witness, were reduced to writing by his agent, at his dictation, and were admissible as his statements.    The case is within the principle of *Lynde* v. *McGregor*, 13 Allen, 182.    This view renders immaterial the exception to the ruling rejecting oral testimony of the answers made by the witness in the course of said examination. Such testimony is claimed to be admissible only in the alternative that the written answers are held to be incompetent.

The only other exception now relied on by the demandant is to the ruling of the presiding judge admitting evidence of certain transactions between the bankrupt and the tenant prior to the conveyance which is alleged to be fraudulent.    We think it is clear that evidence of these transactions, as stated in the bill of exceptions, was competent.    It tended to show what was the consideration of the conveyance, and the inducements which led the bankrupt to give it, and thus bore directly upon the question whether it was made in good faith or in fraud of creditors.

The tenant's counsel has argued one question not raised at the trial nor presented in the bill of exceptions.    He insists that the demandant cannot sustain this action, because the conveyance alleged to be fraudulent was made more than six months before the filing of the petition in bankruptcy, and therefore that a new trial would be useless.    But this ground is not tenable.    By the provisions of the bankrupt act, U. S. St. 1867, *c.* 176, § 14, the assignment vests in the assignee all the property, real and personal, of the bankrupt, including " all the property conveyed by the bankrupt in fraud of his creditors."    This suit is brought to recover the demanded premises upon the ground that the conveyance by the bankrupt was fraudulent at common law, and the thirty-fifth section of the bankrupt act does not apply to it. *Gibbs* v. *Thayer*, 6 Cush. 30.    *Exceptions sustained.*