Cook, J.
Clark H. Nye, plaintiff in error, was appointed by the United States district court for the Northern district of Ohio, trustee in bankruptcy of Arthur P. Hart, and duly qualified as such trustee. On the 28th day of March, 1901, he commericed an action in the court of common pleas of this county against Arthur P. Hart and Charles B. Hart, his father, for the purpose of setting aside-a conveyance of certain real estate made by Arthur P. Plart to his father in January 1897, and before the proceedings in bankruptcy, for the reason that the conveyance was without consideration and was made for the purpose of hindering, delaying and defrauding the creditors of Arthur P. Hart. A general demurrer was filed to the petition which was sustained by the court below.
Counsel for defendant in error contend that the action of the court in sustaining the demurrer was correct, for three reasons:
1st. The court of common pleas had no jurisdiction of the subject matter.
2nd. The conveyance having been made more than four months before the commencement of the proceedings in bankruptcy, the conveyance cannot be attacked by the trustee.
3rd. Arthur P. Hart having received his discharge in bankruptcy before the commencement of this action, the trustee had no authority to commence the action.
The first claim is made upon the theory that the action being instituted by a trustee in bankruptcy, that the federal court had exclusive jurisdiction, and we are informed by counsel in argument that that was the principal ground upon which the court below sustained the demurrer. There has been a great diversity of opinion among the profession as to the proper construction of the Bankruptcy act of 1898 upon this question, and there also has been a great difference in the decisions of the courts both federal and state, but it seems to us that whatever *429 different opinions may have existed the case of Bardes v. Hawarden Bank, 178 U. S., 524, now settles the question. It is held in that case as follows:
1st. “The provisions of the second clause of section 23 of the Bankruptcy act of 1898 control and limit the jurisdiction of all courts, including the several district courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors.”
2nd. “The district court of the United States can, by the proposed defendant’s consent, but not otherwise, entertain jurisdiction over suits brought by .trustees in bankruptcy to set aside fraudulent transfers of money or property, made by the bankrupt to third parties before the institution of the proceedings in bankruptcy.”
Mr. Justice Gray in the opinion sets forth fully and clearly that all suits brought by trustees in bankruptcy to set aside fraudulent transfers of money or property must be brought in the state court and cannot be brought in the federal court except by consent of the defendants.
The decision of the second proposition turns upon the effect to be given paragraph e of section 67 and of paragraph e of section 70 of the Bankruptcy act. Paragraph e of section 67 provides as follows:
“That all conveyances, transfers, assignments or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition with the intent and purpose on his part to hinder, delay, or defraud his creditors or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if He be adjudged a bankrupt, and the same is not exempt from execution and liability for debt by the laws of his domoicile, be and remain a part of the assets and estate of the bankrupt and *430 shall pass to his said trustee whose duty is shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by,the laws of the state, territory or district in which such property is situate, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt.”
Paragraph e of section 70 is as follows:
“The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value.”
Do the provisions of paragraph e of section 67 include all the powers of the trustee with regard to the fraudulent conveyance of property of the bankrupt' or does the provision of paragraph e of section 70 enlarge his powers? If the provisions of paragraph e of section 67 contained all his powers, then the court below was right in sustaining the demurrer as the conveyance was made more than four months before the filing of the petition to set aside the transfer and that fact appears in the petition. One 01 the objects the Bankruptcy act is to pro-' vide against fraud upon the part of the bankrupt as to his creditors. The trustee represents the creditors as well as the bankrupt; after his appointment the bankrupt or the creditors can do no act respecting the estate. Creditors could not bring an action to set aside a fraudulent transfer of property or recover the value thereof; the action can only be brought by the trustee, and to hold that an action can only be brought in cases where the transfer was made within four months from the filing of the petition in bankruptcy would make the act an im *431 plement of fraud and an injury to creditors rather than an act intended to defeat fraud and protect creditors. If such a construction was placed upon the act, a failing debtor might voluntarily transfer all his poperty for the purpose of defrauding his creditors and then by special effort put off the time of the development of his bankruptcy for four months, and both he and his fraudulent vendee be perfectly safe in the possession of the property obtained by such fraud. We do not think that such was the intention of congress, but that paragraph e of section 70 is additional and enlarges the powers of trustees. Paragraph e of section 70 places the trustee in precisely the same relation to the property as a creditor would have, and whenever a creditor could have avoided a fraudulent transfer the trustee can avoid the same, and creditors could have avoided the transfer at any time within four years from the discovery of the fraud.
It will be observed that paragraph e of section 67 gives to the trustee other powers besides avoiding a fraudulent transfer by a plenary suit at law or in equity. The provision is “All property of the debtor conveyed, transferred or incumbered as aforesaid, shall be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal process or otherwise for the benefit of the creditors.” Possibly under paragraph e, section 67, summary proceedings might be exercised by the trustee either by taking possession of the property or by process issued in the bankruptcy proceedings; however that may be, we are of the opinion that under paragraph e of section .70, an action like this may be instituted at any time by the trustee in bankruptcy that a creditor could have instituted suit had there been no proceedings in bankruptcy, which would be at any time within four years from the discovery of the fraud.
The opinion we have expressed is sanctioned by Collier on Bankruptcy, 388, and Black on Bankruptcy, 265, and is held in Knowlton v. Moseley, 105 Mass., 136.
Does the discharge of the bankrupt before the commencement of the action by the trustee to avoid the fraudulent conveyance preclude the trustee from prosecuting the suit? We think not. The discharge of the bankrupt has nothing to do with the settlement of the estate; it is a separate and distinct *432 matterit is provided for by the filing of a petition for that purpose, in the original proceedings, it is true, but for that special purpose alone. The discharge of the bankrupt may be had at any time after one month from the filing of the petition in bankruptcy and before the discharge of the trustee. The trustee must obtain possession of all the property of the bankrupt or secure its value and distribute the proceeds to the creditors before he can be discharged, and if assets are discovered a new tr/ustee may be. appointed to take charge -of the same, and that may be done after the discharge of the bankrupt. The discharge of the bankrupt-has no effect upon the duties of the trustee in administering the estate, whatever. The judgment of the common pleas xourt is reversed and the cause remanded with the instruction to overrule the demurrer to the petition and for further proceedings.
B. T. Hart, for Plaintiff in Error.
Tuttle & Tuttle, for Defendants in Error.

Tuttle & Tuttle for Defendant in Error:
Whatever authority the plaintiff in this case obtained sprung from the proceedings in bankruptcy and he acquired what authority he has in said proceedings only.
While the trustee in bankruptcy represents the creditors of the estate, fie also represents the bankrupt, at least in so far as may be necesessary to. sustain the rule that "he takes no greater interest or estate than the bankrupt himself possessed, and that lie takes subject to all lawful incumbrances. Thus, where the trustee brings his bill to set aside a sale of the bankrupt’s realty made under a deed of trust and for leave to redeem, he has no greater right than the bankrupt would have under the circumstances, and any defense that would be available against the bankrupt may be urged against the trustee. Jenkins v. Pierce, 98 Ill., 646; Black on Bankruptcy, 1898 Ed., 252; 25 Mich., 476; 31 Wis., 607.
The plaintiff seeks to set aside an alleged fraudulent sale of land not made within four months prior to the filing of the petition in bankruptcy, but long prior thereto, and long prior -to the time that the trustee by operation of law would acquire the title to the property described in the petition. By the averments in the petition the defendant, Arthur P. Hart, would have no right of action against the defendant,' Charles B. Hart, to recover back the property conveyed by him as alleged in 18^7.
The trustee, not acquiring the title to the property described in the petition by operation of law, then stands in no better position to recover this property of Charles B. Hart under the Illinois case above quoted than would Arthur P. Hart himself.
Again, after this petition alleges the facts that show that the Federal court had acquired jurisdiction of the estate of Arthur P. Hart and the *433 adjudication of said case in said Federal court, before this court can acquire jurisdiction of the subject matter, on the face of the petition, the petition must show either that the claims referred to as being owned and held, one by Saddler and the other by Storer, are such that a discharge in bankruptcy would not affect them because not the kind of debts that the bankruptcy act contemplates, or it must show that the bankrupt had not obtained his discharge and that the trustee had obtained leave in the court first acquiring jurisdiction of said estate to begin this proceeding in the state court. No allegation along that line is contained in the petition, and when the petition alleges facts which clearly give the Federal court jurisdiction of the estate of the bankrupt, it is then indispensable to have the negative allegations which show that the rights of the plaintiff representing all of the creditors of said bankrupt have not been fully adjudicated in the federal court, and until the plaintiff alleges in his petition that the said Arthur P. Hart has not been discharged from his indebtedness, he does not state facts sufficient to constitute a cause of action, nor to show that this court has jurisdiction of the subject matter of this action.