H. THEODORE FLETCHER *vs.* ELIZABETH A. FLETCHER, administratrix.

Middlesex.        November 10, 1933. — November 13, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence,* Competency.  *Witness,* Credibility.

Where, at the trial of an action of contract against the administrator of the estate of the plaintiff's brother to enforce a debt which the plaintiff contended originally grew out of loans by him to his brother secured by a mortgage given in 1893, it appeared that the plaintiff was adjudicated a bankrupt in 1906, it was proper to permit the defendant to introduce evidence, solely as bearing on the truthfulness of testimony of the plaintiff that the indebtedness from his brother to him had been in existence since 1893, to show that none of the schedules of property of the plaintiff in his bankruptcy proceedings showed the name of the brother as a debtor or any claim against him.

The remoteness in time of the evidence above described did not render it inadmissible in all the circumstances.

CONTRACT.  Writ dated October 25, 1929.

In the Superior Court, the action was tried before *Morton,* J.  Material evidence is described in the opinion.

There was a verdict for the defendant. The plaintiff alleged exceptions.

*W. R. Bigelow,* for the plaintiff.

*J. W. Pickering & E. H. Hadley,* for the defendant, submitted a brief.

BY THE COURT. This is an action of contract to recover a balance alleged to be due to the plaintiff from the defendant as administratrix of the estate of the plaintiff's brother. The indebtedness on which this action is founded originally grew out of loans by the plaintiff to his brother, to secure which a mortgage was given in 1893. The plaintiff was adjudicated a bankrupt in 1906. The defendant was permitted to put in evidence the fact that none of the schedules of property of the plaintiff in his brankruptcy proceedings showed the name of his brother as a debtor or any claim against him. This evidence was admitted solely as bearing on the truthfulness of the testimony of the plaintiff that the indebtedness from his brother to him had been in existence since 1893. It was admissible on the credibility of the plaintiff as a witness. The point is covered by authority. *Knowlton* v. *Moseley,* 105 Mass. 136. *Woodward* v. *Leavitt,* 107 Mass. 453. See also *Peck* v. *New England Telephone & Telegraph Co.* 225 Mass. 464. Its remoteness in time did not render the evidence inadmissible in all the circumstances.

*Exceptions overruled.*