MARGARET C. CALLAHAN *v.* EDWARD F. GRADY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued May 5—decided June 8, 1939.

*Martin E. Gormley,* for the appellant (defendant).

*Guerin B. Carmody,* with whom was *Maurice T. Healey, Jr.,* for the appellee (plaintiff).

PER CURIAM. The defendant has appealed from the refusal of the trial court to set aside a verdict in favor of the plaintiff. There is substantially no dispute between the parties as to the facts. On June 3, 1936, the plaintiff was riding as a passenger for hire in a taxicab of the defendant, conceded to be a common carrier. The taxicab was proceeding southerly on Baldwin street in Waterbury toward its intersection with Union street. Florence Gagne was operating an automobile in a westerly direction on Union street.

Before entering the intersection she brought her car to a stop and after looking in both directions and seeing no vehicles approaching she started her car slowly forward and proceeded into the intersection. When close to the northwest corner she brought the car again to a stop to permit some pedestrians to pass across in front of her. While her car was stationary it was struck by the taxicab, causing the injuries to the plaintiff to recover for which she brought this action. The collision occurred about 8.30 p.m. daylight saving time. It was raining very hard and the visibility was poor. There were skid marks on the pavement back of the taxicab in an irregular pattern extending about three times the length of the Gagne car.

While the taxicab was upon the right of the Gagne car the jury could hardly infer otherwise than that the latter had entered and was well within the intersection before the taxicab reached it, and that the Gagne car had, therefore, the right of way. *Mathis* v. *Bzdula,* 122 Conn. 202, 204, 188 Atl. 264. It was within the clear range of vision of the driver of the taxicab as it proceeded into the intersection and came to a stop. The jury could well have inferred that had the driver of the taxicab kept a reasonable outlook and had his car in reasonable control in view of the driving conditions he would have seen the Gagne car in time to avoid running into it. A conclusion that he was negligent in these respects was one which the jury was amply justified in reaching, particularly in view of the high degree of care owed by the defendant to the plaintiff as a passenger in a common carrier. *Peck* v. *Fanion,* 124 Conn. 549, 551, 1 Atl. (2d) 143.

There is no error.