## DOMENIC CHILDS
*vs.*
## EVA B. WOODS ET AL.

Superior Court    .    Hartford County        File No. 61746

MEMORANDUM FILED DECEMBER 3, 1940.

*Andrew S. Aharonian,* of New Britain, for the Plaintiff.

*Woodhouse & Schofield,* of Hartford, for the Defendants.

QUINLAN, J. It was conceded on the trial that the directions in which the respective cars in this case were travelling were incorrectly stated in the complaint. After an examination of most, if not all, intersection cases decided by our Supreme Court in the last 15 years, and because of the miniature pictures of the intersection offered in evidence, and the absence of a map, I asked permission of counsel to take a view of the locality, which was accorded.

I am now convinced, as I was not at the time of argument, that with the plaintiff's car travelling ten miles per hour, and the defendant's car 25 miles per hour, the distance that the plaintiff's car travelled at this intersection makes the inference fair and inescapable (*Callahan vs. Grady,* 125 Conn. 733, 734)

that he arrived at the intersection some time before the defendant's operator.

I was of the opinion at the trial that the defendant was negligent. It now appears that in order to strike the plaintiff's car the defendant had merely to enter the intersection at the point the cars came together, while the plaintiff had traversed Cedar Street beyond the rotary and proceeded almost to the point of passing Main Street entirely. Cedar Street is 75 feet wide at the intersection. The fact that plaintiff's car was overturned, in the light of the damage to the respective cars, in addition to the fact that plaintiff looked and saw no cars before entering the intersection, strengthens my conclusion. The defendant operator lived but 300 feet down Main Street and at the speed he was travelling would take but a brief time to reach the intersection. He did not see the plaintiff's car until just before the impact. The plaintiff was not guilty of any negligence that was a substantial factor in producing the injuries, whereas the defendant was guilty of negligence that was the proximate cause of the injuries, under the principle that the plaintiff had a right to cross through the intersection if it would reasonably appear to an ordinary reasonably prudent person that he might do so without risk of collision and in doing so he had a right to assume that the defendant's driver would use his senses to see and avoid a collision.

The agreed damage to plaintiff's car was $90 and the other special damages amount to $96.75. Judgment for the plaintiff for $686.75.