[Civ. No. 11432.   First Appellate District, Division One.—March 27, 1941.]

KATHLEEN deWHITT JAYNE et al., Plaintiffs and Appellants, v. E. C. MORCK, Respondent; OCCIDENTAL INDEMNITY COMPANY (a Corporation), Intervener and Appellant.

Keith & Creede and O'Connor, Neubarth & Moran for Appellants.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondent.

WARD, J.—This is an appeal from a judgment in favor of defendants following a jury trial which resulted in a verdict in their favor. The action was brought by the heirs of a decedent for the wrongful death of their husband and father respectively as the result of an automobile collision. The Occidental Indemnity Company, a corporation, having paid an award under the Workmen's Compensation Act, intervened, joins the wife and children on this appeal, and is represented herein by the attorney representing them. As grounds of appeal, appellants urge two errors in the exclusion of evidence, and claim prejudicial error by reason of the conduct of opposing counsel at the trial.

It is contended by appellants that the court erred in excluding evidence of the fact that defendant Morck, who sustained severe personal injuries and who testified to his own complete freedom from negligence, failed to file a cross-complaint or a counterclaim in suits brought against him by several people for injuries arisng out of the accident. In support of this contention they cite *Miller* v. *Stevens,* 79 Mass. (13 Gray) 282, and *Fletcher* v. *Fletcher,* 284 Mass. 377 [187 N. E. 772]. In the first case plaintiff employed defendant to sell certain goods and furnished him horses and a wagon to use in the employment, at the termination of which plaintiff paid defendant his wages but failed to make any claim against him for damages on account of injury to the horses which he later asserted he sustained. In a subsequent action for such injuries, proof of failure to make the claim on settlement and conclusion of their business was held admissible. Failure to make a claim when the rights of parties are being adjusted may in a subsequent proceeding be considered to indicate that a legitimate claim did not exist and that the subsequent legal action may be unfounded. In the Fletcher case plaintiff brought an action against the administratrix of his brother's estate for money loaned the deceased during his lifetime. It was held that proof of plaintiff's failure in connection with his bankruptcy to list the brother's indebtedness as an asset was admissible against him. The theory underlying the two decisions is that in a legal action upon a claim, failure to assert it at some pre-

vious appropriate time may be a circumstance, although slight, proving that the claim in fact did not exist. (*Nichols* v. *New Britain*, 77 Conn. 695 [60 Atl. 655].) The facts are not parallel with those of the present case. Defendants are not asserting a claim for damages in the present proceeding, accordingly a similar failure in the previous action is consistent with Morck's position in the present case; proof of that fact would be inadmissible. Assuming that defendant Morck was injured in the accident, a claim for damages would simply be the averment of a legal conclusion. Under the circumstances of this case, we cannot subscribe to appellants' theory that a failure to allege damages is an admission of negligence.

Defendant and a witness, Mr. White, who was in the other car with the deceased, were the only witnesses to testify to the facts immediately preceding the impact. White testified that he was driving the car of which decedent's employer was the owner. Defendants offered certain evidence tending to show that this witness had made statements on a former trial as to the distance the two cars were apart when he first saw defendant Morck's car, and that such testimony was in conflict with that given upon the present trial. Upon the theory that prior consistent statements although not admissible in proof of the fact are admissible to rebut the charge of recent fabrication, appellants made an offer of proof as follows: " . . . and at that time I said that I desired to produce the police officer back here to show or to testify that immediately after the accident, or when they were in the hospital there, that Mr. White had told the police officer that he was on his righthand side of the road, lane 3, driving down the highway; that Mr. Morck was on his side of the highway, lane 2, there, and that all of a sudden, Mr. Morck pulled over into his lane, and the collision occurred in lane 3."

It is not necessary herein to discuss the rule that when a witness is impeached by proof of prior statements contradictory to present testimony, proof of consistent statements is not generally admissible. An exception to this rule is sometimes recognized where it is definitely charged that the testimony is of recent fabrication and offered as the result of improper motive or undue influence. (*Davis* v. *Tanner*, 88 Cal. App. 67 [262 Pac. 1106].) However, the consistent statements offered to prove the truthfulness of testimony

should be upon the point in dispute. Ordinarily this question is within the discretion of the trial judge. In the present case the variance in the statements related to the distance between the cars when the witness first saw the car operated by defendant. The offer of proof related to the position of the cars on the proper or improper side of the road at the time of impact. The testimony offered by plaintiffs to substantiate the testimony given on the trial does not bear sufficiently upon the facts claimed to be fabricated.

Appellants claim that their cause was prejudiced by the conduct of counsel for defendants. It is charged that the attorney proceeded by "artifice and trick", by "artful insinuations", through "smiles and smirks" to paint a picture that the attorney for the plaintiffs and the witness, Mr. White, had prepared a well "concocted" story. We do not have the advantage of observing the alleged "cynical smiles". However, the record shows that at one point the court admonished the jurors that "smiles are not evidence". A trial court has the power to enforce orderly conduct in its immediate presence by those engaged in litigation or taking part therein. (Code Civ. Proc., secs. 128, 177, 178.) The trial judge on motion for a new trial had an opportunity to consider whether the conduct of attorneys warranted the granting of a new trial. It does not appear that the trial court failed in the performance of its duty, and the record does not disclose that there was a miscarriage of justice.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 22, 1941.