WILLIAM JOHNSON, ADMINISTRATOR C.T.A. (ESTATE OF CARL JOHANSON) *v.* ROCKAWAY BUS CORPORATION ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued March 4—decided April 3, 1958

*William T. Holleran,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (defend-ant Newell).

*David Goldstein* and *Robert J. Harris,* for the appellee (plaintiff).

KING, J. The plaintiff's decedent, Carl Johanson, while crossing Fairfield Avenue in Bridgeport on

foot, was struck by the front end of a bus owned by the named defendant and then being operated by its authorized agent, the defendant Wallace, easterly along Fairfield Avenue. That avenue, except within intersections, is divided by a center esplanade. Courtland Avenue intersects Fairfield Avenue from the south but does not cross it. A little west of Courtland Avenue if projected, and forming a slightly irregular continuation thereof, is Davidson Street, which intersects Fairfield Avenue from the north but does not cross it. Prior to the arrival of the bus at this intersection of Fairfield Avenue with Davidson Street and Courtland Avenue, the defendant Newell, coming along Fairfield Avenue from the opposite direction, had brought his car to a stop to permit eastbound traffic to pass through the intersection and then had driven diagonally across the intersection and westerly along the south (his left) side of Fairfield Avenue in order to turn into his gasoline station, which was located on the southwesterly corner of the intersection. There were three entrances to the station, one on Courtland Avenue and two on Fairfield Avenue. The easterly end of the more easterly Fairfield Avenue entrance was twenty feet from Courtland Avenue, and this entrance, which was the one Newell chose to use, was twenty-two feet wide. There was no contact between his car and the bus, which was then approaching the intersection from the west.

In oral argument in this court the defendant Newell conceded that in operating his car westerly along the south side of the esplanade on Fairfield Avenue he was chargeable with statutory negligence. He denied, however, that this negligence could have been found to be a proximate cause of the collision between the bus and the plaintiff's decedent. The

jury were warranted in finding that the decedent successfully crossed southerly from the northeasterly corner of the intersection, that is, from the corner of Davidson Street and Fairfield Avenue, to a safety zone at the westerly end of the esplanade located in the middle of Fairfield Avenue east of the intersection and stood there until traffic moving in an easterly direction had passed; that he then continued southerly and was about midway of the twenty-eight foot distance between the south edge of the esplanade and the south curb of Fairfield Avenue when he was struck by the front end of the bus. The accident occurred at about 2 o'clock in the afternoon of a clear bright July day and the pavements were dry. It was the plaintiff's claim that Newell's statutory negligence in deliberately operating his car on the wrong side of the esplanade was a proximate cause of the accident because that negligence created a sudden emergency which caused the driver of the approaching bus, prior to its arrival at the intersection, to swerve to his left to avoid a head-on collision with the Newell car and this change of course caused the bus, even after it had crossed the intersection, to strike the decedent. The jury returned a verdict against all three defendants. From the judgment on the verdict, the defendant Newell, only, appealed. Four of the assignments of error were abandoned during the argument.

One assignment of error attacks the charge because of a comment by the judge to the effect that although his recollection of the testimony was not entirely clear, he did not think that there was "too much in the direct evidence in connection with the claims by each of the defendants that the other defendant was the real cause of the accident . . . [although that question was] inherent in the case."

This was immediately followed in the charge with a statement, reiterated later on in a supplemental charge given in response to a question from the foreman as to the right of the jury to apportion damages as between the defendant Newell and the other defendants, to the effect that they could bring in a verdict only against a defendant who had been proven chargeable with actionable negligence, that is, with negligence alleged as to him in the complaint and which constituted a proximate cause of the decedent's being struck by the bus, and that if on the evidence the jury found actionable negligence on the part of the defendants Wallace and the bus company or on the part of the defendant Newell or on the part of all defendants, they should bring in a verdict in accordance with such a finding. The language complained of, considered alone, was perhaps unfortunate. However, followed as it was by a correct explanation of the law, it did not constitute a comment sufficiently harmful to require a reversal under our rule. *Quednau* v. *Langrish*, 144 Conn. 706, 710, 137 A.2d 544, and cases cited therein.

A claim for the correction of a paragraph of the finding concerns factual details in the recitation of the plaintiff's claims of proof, which, even if technically inaccurate, would not affect the result in the view which we take of the case. In a jury case claims for the correction of a finding present an entirely different problem from claims for the correction of a finding in a case tried to the court. This assignment of error is without merit. *Gennallo* v. *Mazzacane*, 144 Conn. 686, 690, 137 A.2d 534.

After the plaintiff had presented his case in chief and rested and the defendants Wallace and the bus company had rested their case without presenting any evidence, the defendant Newell called the in-

vestigating police officer and inquired as to certain oral statements made by the defendant Wallace as to the cause of the accident. While the statements were claimed to be admissible only as against the defendant Wallace, who made them, they were not claimed as an admission; on the contrary, they were claimed as a "statement against interest" and because "the defendant Wallace was not in court but was a principal in this matter." Of course the absence of Wallace could have no bearing on the admissibility of an admission but would have on that of a true declaration against interest. The defendant Newell now claims that the evidence should have been admitted as an admission by Wallace. The short answer is that no such claim was made on the trial, and the finding makes it clear that the court so understood. In excluding the evidence, the court referred to the "declaration" and stated that the circumstances under which it was made were not the equivalent of the guarantee supplied by a cross-examination and that Wallace obviously "had an interest in the matter." Such considerations were not determinative of the admissibility of the evidence as an admission by Wallace. That would depend upon whether Wallace's claimed admission was inconsistent with the claims made by him on the trial, regardless of whether he personally took the witness stand or whether he thought when he made the claimed admission that it was self-serving. *Hill* v. *Small,* 129 Conn. 604, 605, 30 A.2d 387; *Perrelli* v. *Savas,* 115 Conn. 42, 43, 160 A. 311; *Nichols* v. *New Britain,* 77 Conn. 695, 698, 60 A. 655. But the above considerations would be material in determining the admissibility of a declaration against interest. See cases such as *Borden* v. *Westport,* 112 Conn. 152, 163, 151 A. 512. Whether the evidence offered would have been ad-

missible against the defendant Wallace only, had it been claimed as an admission, is a question not properly before us. It not only was not claimed as an admission but was claimed on a wholly different ground, on which it was clearly inadmissible. Our rule requires that the grounds upon which it is claimed evidence should be admitted or excluded shall be clearly stated. Practice Book § 155. Error does not lie in the exclusion of evidence claimed on an inadmissible ground even though it might have been admissible had it been claimed on another and different ground. *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 57, 192 A. 317; Maltbie, Conn. App. Proc., § 308.

The final assignment of error is based on the denial of the defendant Newell's motion to set aside the verdict as against the evidence on the issue of liability. The claim is that Newell's statutory negligence could not legally have been found to have constituted a proximate cause of the collision between the bus and the decedent. There was evidence from which the jury could reasonably find that Newell's statutory negligence in proceeding along his left side of the esplanade was at least a proximate cause, if not the sole proximate cause, of the bus operator's changing the course of the bus to the left and that this was a proximate cause of its striking the decedent. See cases such as *Dole* v. *Lublin,* 112 Conn. 603, 605, 153 A. 856. Under these circumstances, the verdict against Newell must stand. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 154, 139 A.2d 812.

There is no error.

In this opinion the other judges concurred.