SYLVIA CULETSU ET AL. *v.* LOUIS DIX ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Submitted on briefs March 7—decided April 24, 1962

*Samuel Engelman,* on the brief for the appellants (named defendant et al.).

*Irwin E. Friedman* and *Arthur Levy, Jr.,* on the brief for the appellees (plaintiffs).

BALDWIN, C. J. The plaintiffs brought this action for personal injuries which they alleged were caused by the negligence of the defendants—John Riccio as an agent and employee of Louis Dix, doing business as the Hickey Cab Company; Louis Dix; and Richard C. Patrignelli. The plaintiffs alleged that they were passengers in a taxicab operated by Riccio which collided in an intersection with an automobile operated by Patrignelli. Patrignelli failed to appear in the action, and a default was entered against him. The case proceeded to trial, and a verdict against the defendants Riccio and Dix was returned. These defendants have appealed from the judgment.

Riccio and Dix, hereinafter referred to as the defendants, claim that the court erred in not holding a hearing in damages as to the defaulted defendant Patrignelli before proceeding to a trial on the issue of liability as to them. A default may properly be entered against a defendant for nonappearance. Practice Book § 47; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146. Patrignelli's default amounted to an admission of his liability. *Paiwich* v. *Krieswalis,* 97 Conn. 123, 125, 115 A. 720, and cases cited. The entry of the default did not constitute a judgment but rather was an order which precluded Patrignelli from making any further defense in the case so far as his liability was concerned. *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130, 120 A.2d 73; *Automotive Twins, Inc.* v. *Klein,* supra. Unless Patrignelli moved to set aside the default; see Practice Book § 64; and he did not, the court could proceed, at the request of any party, to a hearing in damages. General Statutes § 52-220; Practice Book § 121; *New York, N.H. & H.R. Co.* v. *Hungerford,* 75 Conn. 76, 78, 52 A. 487.

The plaintiffs were, however, not required to proceed to a hearing in damages against Patrignelli. They could properly wait until the pleadings had been closed as to the remaining defendants, when the case could be placed on the trial list; Practice Book § 121; because Patrignelli's default in no way affected the plaintiffs' cause of action against the other defendants. On their complaint, the plaintiffs might prove that their injuries resulted from the concurring negligence of the operators of both automobiles, and, in that event, each of the defendants would be liable for the full amount of the damages awarded. The court properly so

charged the jury. *Goodhue* v. *Ballard,* 122 Conn. 542, 546, 191 A. 101; 38 Am. Jur. 946, § 257. The defendants, on the other hand, were not precluded from proving, if they could, that Patrignelli's negligence, and not theirs, was the sole proximate cause of the plaintiffs' injuries. The court followed the proper procedure, after a default had been entered against the nonappearing defendant, by proceeding to a trial of all the issues raised by the appearing defendants. 3 Freeman, Judgments (5th Ed.) p. 2654; 49 C.J.S. 92 § 36, 329 § 191 (b) (2). Furthermore, the court did not err in its charge to the jury on this feature of the case.

The defendants claim error in the admission of testimony by Patrignelli, on the ground that he was allowed, after he had been defaulted, an opportunity to exculpate himself from liability in tort. So long as the default stood, Patrignelli could not disclaim his liability. General Statutes § 52-221. But the plaintiffs were still entitled to call him as a witness. § 52-178.

The defendants also claim error in the denial of their motion to set aside the verdict. It appears from the evidence printed in the appendices to the briefs of the parties that the collision between the Patrignelli and Riccio automobiles occurred late at night in an intersection controlled by a traffic light. Riccio claimed that as he entered the intersection the light was in his favor. He and Dix point out that the plaintiffs signed written statements, which were admitted in evidence, to the effect that the traffic light favored Riccio. The defendants argue that these statements exonerate Riccio from any responsibility for the collision and destroy the plaintiffs' claim that Riccio was negligent. At most, the statements were extrajudicial admissions, in-

consistent with the plaintiffs' position at trial, and were received in evidence both to prove the truth of the matters stated in them and to impeach the plaintiffs' credibility. *Sears* v. *Curtis,* 147 Conn. 311, 315, 160 A.2d 742; *Johnson* v. *Rockaway Bus Corporation,* 145 Conn. 204, 209, 140 A.2d 708; *Mulvey* v. *Barker,* 138 Conn. 551, 556, 86 A.2d 865; *Bucchi* v. *Gleason,* 137 Conn. 25, 31, 74 A.2d 212; 4 Wigmore, Evidence (3d Ed.) § 1048. They were not judicial admissions which would have the effect of destroying the entire basis of the plaintiffs' claim for recovery. *Hennessey* v. *Hennessey,* 145 Conn. 211, 216, 140 A.2d 473; *Andrea* v. *New York, N.H. & H.R. Co.,* 144 Conn. 340, 345, 131 A.2d 642. All the evidence in the case must be viewed in the light most favorable to the prevailing parties. *Vogel* v. *Sylvester,* 148 Conn. 666, 674, 174 A.2d 122. Although the plaintiffs' statements were damaging admissions affecting both their credibility and the issue whether the traffic light was in favor of Riccio, there were, in addition to the allegation in the complaint that Riccio failed to observe the traffic signal, other allegations of negligence. These were supported by sufficient evidence to sustain a verdict against the defendants. Riccio was operating a taxicab owned by Dix. The defendants were therefore under a duty to exercise the high degree of care required of common carriers. *Callahan* v. *Grady,* 125 Conn. 733, 734, 7 A.2d 225; *Cadwell* v. *Watson,* 134 Conn. 640, 646, 60 A.2d 168; *Yu* v. *New York, N.H. & H.R. Co.,* 145 Conn. 451, 455, 144 A.2d 56.

There is no error.

In this opinion the other judges concurred.