Calvin F. **LINDBERG**, Plaintiff,
Appellant,

v.

The **SHORT LINE, INC.**, et al.,
Defendants, Appellees.

**No. 7100.**

United States Court of Appeals
First Circuit.

Heard June 3, 1968.

Decided Aug. 19, 1968.

Aram A. Arabian, Providence, R. I.,
with whom Robert C. Hogan, Providence, R. I., was on brief, for appellant.

Frederick A. Reardon, Providence, R. I., for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

This diversity suit for negligence stems from an accident that occurred at defendant Short Line's bus terminal in Providence, as a result of which plaintiff was injured. Briefly, the pertinent facts are as follows. By arrangement with Short Line several other bus lines also used this terminal, including Greyhound, and defendant, Rhode Island Bus Company (Rhode Island). It is undisputed that Short Line had the sole responsibility of keeping the terminal in a reasonably safe and clean condition. The terminal had several bays or bus stalls which were used for taking on and discharging passengers.

On the evening of September 14, 1962, a Rhode Island Company bus that had

been driven into one of the stalls was unable to back out of the stall under its own power. As a consequence plaintiff, a Greyhound bus driver, who happened to be nearby, together with several others helped to push the bus out of the stall.[1] In so doing plaintiff claims that he slipped and fell on oil, dirt and grease that was on the surface of the bay under the bus and out of the sight of those pushing it. He alleges that defendant Short Line was negligent in not having said premises in a reasonably safe condition and that Rhode Island was negligent in leaving its disabled bus in such a way as to constitute a source of danger to him.

At the conclusion of plaintiff's evidence the court directed a verdict for Rhode Island. Defendant produced several witnesses who stated that they saw no oil or grease on the floor of the bay at the time of the accident and that plaintiff made no mention to them at that time that he had slipped on oil or grease. The jury returned a verdict for defendant Short Line.

■ The principal issue raised by plaintiff's appeal concerns the trial court's refusal to admit in evidence as an exhibit a Medical Aid Report, so-called, prepared by a member of the Providence Police Department. Plaintiff offered this evidence in rebuttal. The report, among other things, contained a statement purportedly made by plaintiff to the police officer that while pushing a bus he "slipped on a grease spot." Although on the witness stand the policeman could not recall the contents of the report, he did testify that he made it in the ordinary course of his duties.[2] The report raises a more complicated problem of hearsay than appears to have been appreciated at the trial. Such a report may be admissible under the Business Records Act, 28 U. S.C. § 1732, but this report, in addition to being hearsay, contains hearsay, i.e., the policeman's account of what plaintiff said occurred. See Gencarella v. Fyfe, 171 F.2d 419 (1st Cir. 1948).

Viewed in this light, plaintiff's arguments that the record should have been admitted are not pertinent.[3] Especially so is the contention that it should have been admitted to rebut testimony that there was no officer at the scene. The existence of the report, as distinguished from its contents, would be enough for this purpose. But if it were established merely that a police officer was at the scene and not what the plaintiff told him, this would not be relevant to any material issue.

Throughout the trial and particularly during the cross-examination of plaintiff there was the suggestion that plaintiff's testimony that he slipped on oil, dirt and grease was recently contrived for pur-

1. It was disputed whether the Short Line dispatcher on duty at the time requested or ordered plaintiff to help push the bus or whether plaintiff volunteered. There was testimony that instances of having to push a bus were not infrequent at the terminal and that the employees who happened to be around at the time usually volunteered to do so.

2. The report appears to indicate that the police arrived at the scene very soon after the accident. Indeed, whereas the plaintiff claimed that the accident took place about 8:40, the police report indicates 8:32 as the "time radio call received or action started" and that the officer was back on his other duties at 9:05. Presumably then the accident oc-

curred a little earlier than the plaintiff testified it did.

The report itself does not actually state that plaintiff was the source of the information. Rather, the officer said that this was an inference from the fact that a space in the report was left blank that would have been filled in if the information had been received from someone other than the accident victim himself.

3. There was some discussion on the doctrine of past recollection recorded. To the extent that this is identified with the business records exception, we have already considered this in connection with the first aspect of the hearsay problem. We do not think, however, that it has any relevancy to the second aspect of the problem.

poses of this litigation. In that connection the defense attempted to contrast plaintiff's testimony at trial with what he had said earlier on deposition in a related state court proceeding. In view of this contention we have explored the possibility of admitting this report not to prove the truth of the matter asserted therein but for the limited purpose of rebutting the recent contrivance contention.

We do not see how the trial court could accept the report even on this limited basis. First, a consideration of the relevant portions of the record convinces us that plaintiff eventually acknowledged that his contention at the trial that he had slipped in grease was not an explicit memory of the slipping but a common sense inference from the fact that he fell. In short, he did not make the sharp distinction between slip and fall that was drawn at the trial. Thus, we think the testimony as it finally stood was not at odds with what was said on deposition and could not be fortified by a prior consistent statement made before the motive for contrivance would be likely to take effect. See Mosson v. Liberty Fast Freight Co., 124 F. 2d 448 (2d Cir. 1942). Further, all that was recorded in the report was that plaintiff "slipped on a grease spot" and on deposition he said "The only thing that I could see was that I slipped on grease in the dock area." Therefore, if his testimony at trial were regarded as a recent contrivance compared to what he said on deposition, it would remain so even if the police report had been admitted. He said as much in the deposition as he did in the police report.

Furthermore, there is an even more fundamental reason why we cannot say at this stage that the court should have admitted this document in evidence with an appropriate limiting instruction. While a number of different theories were advanced to support the admissibility of this report, at no time did plaintiff suggest that he intended it merely in rebuttal of the recent contrivance accusation. Numerous courts have held that it is not error to exclude otherwise admissible evidence if it is offered on an inadmissible ground. Johnson v. Rockaway Bus Corp., 145 Conn. 204, 140 A.2d 708 (1958); H. H. Hawkins & Sons Co. v. Robie, 338 Mass. 61, 153 N.E. 2d 768 (1958); see Canada-Atlantic & Plant S. S. Co. v. Flanders, 145 F. 875 (1st Cir. 1906).

■ Plaintiff also complains because the court declined to instruct the jury in accordance with several of his requests. Only one of these requests, number 8, need concern us:

"You may infer that the failure to call an available and material witness or to produce an available report or record by the party who naturally is expected to produce such witness or record is an admission that the testimony of such witness or that the record would be unfavorable."

It is true that the Short Line dispatcher and the driver of the Rhode Island bus involved in the accident each made an accident report for his employer. Passing any question of the admissibility of these reports, we note that these two men testified at the trial and there was no suggestion that their testimony was out of harmony with their accident reports. If plaintiff wished to comment on the failure to produce these reports at the trial he should have asked for them.

■■ Quite apart from the alleged errors on the part of the court, plaintiff contends that the verdict of the jury did not do substantial justice and therefore the court should have granted a new trial. Such a motion is of course addressed to the discretion of the court and in this case we cannot say there was an abuse of discretion.

Plaintiff argues somewaht elaborately that he was an invitee and therefore defendants owed him a duty of reasonable care. The short answer to this argument is that the jury was so instructed and it still chose to return a verdict in defendant's favor. The jury may well have concluded that the plaintiff did not

sustain his burden of proving that the grease was there long enough to impose constructive knowledge on defendant Short Line. Indeed, the state of the evidence was such that they may not have been persuaded that there was any grease at all on the surface of the bay or at least that there was grease mixed with dirt.

Nor do we think the court erred in directing a verdict for Rhode Island. In order to find against this defendant the jury would have had to draw a bizarre string of inferences. As the court noted, the jury would have had to infer

> "that an employee of the Rhode Island Bus Company drove that bus over this spot, that he further knew this bus could not be operated in reverse and that it would have to be pushed, and he should have realized someone could slip on this grease spot. They would further have to infer that he saw the grease spot and that he drove over it. * * *"

Unsurprisingly, the court observed that a verdict based on such reasoning would have to be set aside.

Affirmed.