[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 115)
Before the court is the defendant Allstate's motion to strike the certificate of closed pleadings filed by the plaintiff. The plaintiff, Richard Camarro was injured in a motor vehicle accident with the defendant, Michael Colter, an uninsured motorist. At the time of the accident, Camarro was driving a vehicle owned by the other plaintiff in this action, Maria Dominguez. On December 8, 1999, the plaintiffs filed an amended two-count complaint against Colter and Allstate Insurance Company, Dominguez' insurance carrier. Colter, as a non-appearing defendant, was defaulted on December 15, 1999. On December 16, 1999, Allstate claimed the case to the jury list. On that same day, Allstate, as the remaining defendant, filed an answer. On March 8, 2000, the plaintiffs filed a certificate of closed pleadings, claiming the case for a jury trial. The certificate asserts that the case is privileged because it entails a hearing to the court in damages upon default.
Allstate now moves to strike the certificate of closed pleadings on the ground that the case is not privileged. Allstate has filed a memorandum of law in support of its motion to strike. The plaintiff has filed a memorandum in opposition to Allstate's motion to strike.
"Historically, a motion to strike pursuant to Practice Book (1978 Rev.) § 282 had been the proper vehicle to strike a jury claim. . . . Practice Book (1978 Rev.) § 282 provided, in pertinent part, that `[i]f in the opinion of the court a case or matter is improperly upon a trial or assignment list, it will be stricken from the list, or otherwise disposed of, at the discretion of the court.' In 1996, however, Practice Book § 282 was repealed, and no provision was enacted in its place. . . . The authors of [Practice Book Annotated (1998 Rev. Sup.)] suggested that as an alternative to filing a motion to strike from the jury list subsequent to the repeal of § 282, a party wishing to challenge an improper claim for a jury should file an objection to the claim under Practice Book § 14-10 . . . . At least one Superior Court judge has followed this suggestion. See People's Bank v. Dauphin, Superior Court, judicial district of Tolland at Rockville, Docket No. 456120 (June 13, 1997, Rittenband, J.) (19 Conn.L.Rptr. 614). Similarly, this court will treat the defendant's motion to strike as an objection to the plaintiff's jury claim." Trantolo v. State of Connecticut, Superior Court, judicial district of Hartford at Hartford, Docket No. 569475 (June 8, 1999,Teller, J.) (25 Conn.L.Rptr. 19, 20).
Allstate objects to the plaintiffs' certificate of closed pleadings on the ground that it is defective because the plaintiffs claim a privileged case and seek an expedited trial when the plaintiffs are not so entitled. In response, the plaintiff's claim that the entire case is privileged because Colter was defaulted. Practice Book § 17-20(a) provides: "If no appearance has been entered for any party to any action CT Page 9230 on or before the second day following the return day, any other party to the action may make a motion that a nonsuit or default be entered for failure to appear." Further, Practice Book § 17-34(a) provides in pertinent part: "In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages . . ." Practice Book § 14-9 provides in pertinent part: "The following classes of cases shall be privileged in respect to assignment for trial . . . (16) hearings to the court in damages on default . . . ." Nonetheless, where default for failure to appear is entered as to one defendant, and the other defendant both appears and files pleadings, the "default in no way [affects] the plaintiff's cause of action against the other defendants." Culetsu v. Dix, 149 Conn. 456, 458, 181 A.2d 116
(1962).
Here, the default entered against Colter does not affect the action against Allstate, the appearing defendant. By filing the certificate of closed pleadings and claiming the case to the trial list, the plaintiffs have claimed the entire case to the regular trial list. The plaintiffs are correct that default as to one defendant renders the entire case privileged. In order for the entire case to be privileged, only one claim involved in the case, and not all the claims, need to be considered privileged. See Practice Book § 14-9 (16). The present case has been properly claimed to the jury trial list and the fee has been paid. Additionally, the plaintiffs have properly claimed the entire case as privileged based on the default entered against Colter, the non-appearing defendant.
Chapter 14 of the Practice Book authorizes the court to manage cases and to modify plans to prevent injustice. See Practice Book § 14-14, § 14-15, § 14-16; see also Sanchez v. Patriot General Insurance, Superior Court, judicial district of New Britain, Docket No. 475043 (February 6, 1997, Handy, J.) (19 Conn.L.Rptr. 304). Therefore, in the interest of judicial economy, trial on the plaintiffs' claims against Allstate should proceed in the regular course, with a trial as to both liability and damages, and all of the defendants may participate in the damages phase of the trial.
Accordingly, Allstate's objection to the certificate of closed pleadings is overruled.
SKOLNICK, J.