# United National Indemnity Company *v.* John Zullo et al.

Inglis, C. J., Baldwin, O'Sullivan and Daly, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued December 8, 1955—decided January 18, 1956

*Joseph G. Shapiro,* with whom was *Milton H. Belinkie,* for the appellant (plaintiff).

*Paul V. McNamara,* for the appellees (defendants).

INGLIS, C. J. This is an action for a declaratory judgment in which there are three defendants, John Zullo, Fred Zullo and the latter's wife, Carmella Zullo. Neither John Zullo nor Fred Zullo appeared at the trial of the case. On this appeal, the only question pressed for decision is whether the trial court committed reversible error in denying the plaintiff's motion for a default against those two defendants.

The complaint contains the following allegations: In 1949 the plaintiff issued to John Zullo a policy insuring him against liability for damages arising out of the operation of a certain automobile. This policy covered not only John Zullo but also any person who might operate the automobile with his consent. On March 11, 1950, while the policy was in effect, Fred Zullo was operating the automobile with

John Zullo's consent and at that time Carmella Zullo was a passenger in the car. The automobile was in a collision and as a result Carmella Zullo was severely injured. In an action sounding in negligence, Carmella Zullo recovered a judgment for $20,000 against Fred Zullo. This judgment was affirmed in the Supreme Court of Errors. *Zullo* v. *Zullo,* 138 Conn. 712, 89 A.2d 216.

As one of the conditions of coverage, the policy of insurance required that the insured co-operate with the plaintiff company and upon its request attend trials and assist in effecting settlements, in securing and giving evidence, in obtaining the attendance of witnesses and in the conduct of suits. Immediately after the accident, Fred Zullo gave to the company a written statement in which he stated that he believed that the accident had been caused by his falling asleep and then, in attempting to step on the brake, stepping on the "gas" instead, thereby causing the car to hit several guideposts and a telephone pole. The company relied upon that statement in its preparation for and trial of the negligence action.

It is further alleged that at the time Fred Zullo made the statement he in fact had certain other material information and evidence as to the real cause of the accident which he deliberately refrained from imparting to the company. After the trial of the negligence action and while the appeal to the Supreme Court of Errors was pending, Fred Zullo disclosed to the company for the first time all of the information concerning the cause of the accident which he had previously concealed. Thereupon the company disclaimed liability under its policy and reserved its rights to contest that liability even though it continued to represent its insured on the appeal.

In the complaint, the plaintiff claims that because of the concealment, non-co-operation and misrepresentation of Fred Zullo, the policy does not, under its terms, afford any coverage to Fred and John Zullo relative to the judgment secured against them by Carmella Zullo. The complaint concludes with the allegation that "[t]here is an actual and substantial question in dispute between the parties, and a substantial uncertainty as to their legal relationship growing out of the facts hereinbefore stated requiring settlement."

The prayer for relief was that the court render a declaratory judgment determining whether the policy of insurance affords the defendants John and Fred Zullo coverage on account of the accident of March 11, 1950, and the judgment secured by the defendant Carmella Zullo in June, 1951, or whether the alleged concealment, non-co-operation and misrepresentation of the defendant Fred Zullo excludes any coverage on the part of the plaintiff under the terms of the policy, and whether such concealment, non-co-operation and misrepresentation are valid defenses in favor of the plaintiff against any claims that might be made by any person under the terms of the policy. There was no prayer for coercive relief.

When the case was reached for trial, neither John Zullo nor Fred Zullo was present in court. The record does not include any motion for default against them or any ruling thereon. The finding, however, recites that such a motion was made, and this finding is supported by the appendix to the plaintiff's brief. That the motion was made is not disputed by the defendant Carmella Zullo, and among the conclusions of the court set forth in the finding is one to the effect that the granting of a default against John and Fred Zullo at the time of the trial

would have been inappropriate in this type of action. We will, therefore, decide the case on the assumption that a motion for default was made and denied by the court.

The court tried the case very largely on documentary evidence. From the finding, which, in the main, finds the facts as alleged in the complaint, it appears that the plaintiff's case rested quite largely on the fact that after the trial of the negligence action the defendant Fred Zullo made an affidavit to the effect that the cause of the accident had been his wife's striking him on the head with a flashlight. The court, however, concluded that this affidavit was false and that the statement given by Fred Zullo to the company before the trial was true. It therefore rendered judgment declaring that the policy of insurance affords the defendants John and Fred Zullo coverage on account of the accident and the judgment secured by Carmella Zullo, that the alleged acts of claimed concealment, non-co-operation and misrepresentation by Fred Zullo do not exclude coverage under the terms of the policy and that they are not valid defenses in favor of the plaintiff against the claim of Carmella Zullo under the policy.

The plaintiff takes the position on this appeal that it was reversible error for the court to deny the motion for default against John and Fred Zullo for their failure to appear at the trial. In actions for declaratory judgments, the "form and practice prescribed for civil actions shall be followed." Practice Book § 278 (a). In civil actions generally, the failure of a defendant to appear for the trial of the case is ground for the entering of a default against him. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146. Accordingly, the court should have granted the motion for default. There still remains,

however, the question whether its denial of the motion was so harmful to the plaintiff that it constitutes reversible error.

On this question, the plaintiff's line of argument is that the entering of a default would have had the effect of establishing as admitted by the defendants John and Fred Zullo all of the material allegations of the complaint. That is, it would have established the fact that Fred Zullo had deliberately concealed information concerning the accident to the prejudice of the plaintiff and thereby had failed to co-operate. This admission, it is said, would have compelled a judgment declaring that the company is not liable under the policy to either John Zullo or Fred Zullo, and, inasmuch as Carmella Zullo would have no rights against the plaintiff except by way of subrogation to Fred Zullo, it would also have required a declaration as to her that the policy did not cover the risk of the accident in which she was involved.

It is apparent that this line of argument is based on the postulate that, in an action for a declaratory judgment, when a defendant suffers a default he is held to have admitted all of the allegations of the complaint. It therefore becomes necessary to determine whether that postulate is correct.

An action for a declaratory judgment is an action at law and not in equity, at least when, as in the present case, the rights or immunities to be declared are such as would normally be decided in an action at law. *Silberman* v. *McLaughlin,* 129 Conn. 273, 276, 27 A.2d 634. The effect of the entry of a default is different in an action at law from what it is in an equitable action. *Starr Cash & Package Car Co.* v. *Starr,* 69 Conn. 440, 446, 37 A. 1057. In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of

the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. It is not the equivalent of an admission of all of the facts pleaded. The limit of its effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. It does not follow that the plaintiff is entitled to a judgment for the full amount of the relief claimed. The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146; *Went* v. *Schmidt,* 117 Conn. 257, 258, 167 A. 721; *Starr Cash & Package Car Co.* v. *Starr,* supra; *Shepard* v. *New Haven & Northampton Co.,* 45 Conn. 54, 58.

We have held that in a complaint praying for a declaratory judgment determining whether a restrictive covenant was valid, an allegation that the covenant was in restraint of trade was improper. *Beit* v. *Beit,* 135 Conn. 195, 201, 63 A.2d 161. Such an allegation, although it might have a bearing on what the judgment might declare, was not material to the question whether the plaintiff was entitled to a declaratory judgment at all. We have also held that it is not proper to demur to a complaint praying solely for a declaratory judgment, and not for coercive relief, on the ground that on the facts alleged in the complaint the rights and immunities to be declared in the judgment could not be declared in favor of the plaintiff. "Such a declaration can be made only in the final judgment rendered in the action." *Hill* v. *Wright,* 128 Conn. 12, 16, 20 A.2d 388. On the other hand, it is proper

to demur to a complaint for a declaratory judgment which also contains a prayer for coercive relief since, under such circumstances, it is essential for the plaintiff to state a cause of action not only for a declaratory judgment but also for the coercive relief. *Bird* v. *Plunkett,* 139 Conn. 491, 504, 95 A.2d 71.

These authorities make it plain that the prayer for relief in an action for a declaratory judgment when no coercive relief is sought is fundamentally different from a prayer for relief in the ordinary action. In a declaratory judgment action, the prayer is not that the court declare that the plaintiff has certain rights and immunities but rather that the court determine the question whether he does have such rights and immunities. Practice Book § 277 (b) & Forms Nos. 386-388. So in the present case the prayer of the plaintiff was for a judgment determining whether the conduct of its insured had removed the judgment rendered against him from the coverage of the policy. The prayer was not that the court declare that the plaintiff was so relieved. A judgment which answered the question would satisfy the prayer for relief whether the answer was in favor of the plaintiff or in favor of the defendant. To entitle the plaintiff to such a judgment, it was not essential for it to prove that Fred Zullo actually had failed to co-operate. All that was necessary was proof that a substantial question on that score had arisen among the parties. Accordingly, if a default had been entered against John and Fred Zullo, it would not have constituted an admission that Fred had failed to co-operate. It would have had the effect of an admission only that a question had arisen which entitled the plaintiff to a judgment determining whether the policy

covered the accident. It follows that, inasmuch as such a judgment was rendered even though a default had not been entered, the plaintiff was in no way harmed by the refusal of the court to order a default. If the court erred in this particular, it was harmless error which would not warrant a reversal.

There is no error.

In this opinion the other judges concurred.