O & G INDUSTRIES, INC. *v.* JOHN MIZZONI ET AL.
(8339)
(8340)

DUPONT, C. J., O'CONNELL and LANDAU, Js.

Argued May 2—decision released August 28, 1990

*Dana P. Lonergan,* for the appellant (named defendant).

*David M. McHugh,* for the appellant (defendant Orlando Marini).

*Phyllis J. Trowbridge,* with whom, on the brief, was *Robert L. Trowbridge,* for the appellee (plaintiff).

LANDAU, J. In these consolidated appeals, the defendants John Mizzoni and Orlando Marini appeal, following a trial to the court, from the judgment for the plaintiff. A third defendant, Garwood Construction Company (Garwood), has not appealed. Mizzoni was defaulted for failure to plead and participated only in the damages portion of the trial. He claims that the trial court should have granted his motion to open the default, and should not have admitted into evidence a credit application. Marini raises this same evidentiary claim as Mizzoni. He also claims that the court improperly awarded attorney's fees. We affirm the trial court's judgment.

The following facts are relevant to this appeal. In March, 1986, the plaintiff brought this debt collection action against Garwood.[1] Mizzoni and Marini were also sued in their capacity as personal guarantors of the debt. In response to the plaintiff's demand for disclosure of defense, Marini claimed that the amounts owed were paid. Mizzoni never responded to the plaintiff's demand.

The plaintiff moved to default Mizzoni and Marini for failure to plead. The trial court granted this motion subject to a ten day grace period for Mizzoni and Marini to file an answer. Marini filed an answer, and by special defense claimed that payments made to another entity should be applied to any amounts that the plaintiff alleged were due. Mizzoni never filed an answer, and, as a result, was defaulted on June 25, 1987.

On August 1, 1989, immediately prior to trial, Mizzoni orally moved to open the default which had been entered against him. The trial court denied the motion and proceeded to a trial of the issues with respect to the other defendants. Mizzoni participated only in the hearing on damages. The court rendered judgment against all defendants. These two appeals by the personal guarantors followed.

I

Mizzoni first claims that the court should have granted his motion to open the default. He argues that neither his counsel at the time the default was entered nor his present counsel ever received notice of the default.

Whether a party has been given notice is a question of fact. *Batory* v. *Bajor,* 22 Conn. App. 4, 9, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990).

---

[1] Because Garwood Construction Company has not appealed, we will not concern ourselves with the proceedings with respect to that defendant.

Here, the court, by denying the motion to open, impliedly found that notice had been given. It was Mizzoni's responsibility to secure an adequate appellate record and, absent any articulation precluding a finding of notice, we read the record so as to sustain the court's judgment. Practice Book § 4051; see *Hadgkiss* v. *Bowe,* 21 Conn. App. 619, 621, 574 A.2d 1303 (1990).

Further, at the August 1, 1989 hearing, counsel for Mizzoni admitted that "because of the change in counsel, I think that was probably one of the reasons that attributed to my lacking notice for the defendant John Mizzoni . . . . " It does not escape this court's review that counsel for this defendant unequivocally asserted in his appellate brief that there was never any notice given, yet, at trial, admitted that his own lack of notice was likely due to the substitution of counsel. We therefore find no abuse of discretion in the court's denial of Mizzoni's motion to open.

## II

Marini claims that the court should not have allowed the credit application into evidence because it was unauthenticated hearsay.[2] He argues that, without this evidence, the plaintiff failed to prove its prima facie

---

[2] We will not consider this claim with respect to Mizzoni. In an action at law, the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint that are essential to a judgment. *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 129–30, 120 A.2d 73 (1956). The entry of a default does not constitute judgment, but it is an order that precludes the defendant from making any further defense insofar as his liability is concerned. *Culetsu* v. *Dix,* 149 Conn. 456, 458, 181 A.2d 116 (1962). Because Mizzoni had a default entered against him at the time of trial, he was limited to contesting the amount of damages. *Kloter* v. *Carabetta Enterprises, Inc.,* 186 Conn. 460, 464, 442 A.2d 63 (1983). We conclude, therefore, that he is precluded from challenging the plaintiff's satisfaction of its burden of proof relevant to his personal guarantee. That guarantee is relevant only to his liability, which he is precluded from contesting. The guarantee has no bearing whatsoever on the amount of damages for which he is liable.

case, and the court should have granted his motion to dismiss. Specifically, he contends that the credit application was inadmissible because it failed to satisfy the prerequisites for admission under the business record exception to the hearsay rule, and because it was not authenticated.

Marini failed to raise the objection concerning the business record exception requirements of General Statutes § 52-180 at trial. Only in exceptional circumstances will we review evidentiary claims raised on appeal that differ from those objections raised at trial. See *LaFaive* v. *DiLoreto*, 2 Conn. App. 58, 64, 476 A.2d 626, cert. denied, 194 Conn. 801, 477 A.2d 1021 (1984). Because we find no such exceptional circumstances here, Marini's claim on appeal is limited to his objection raised at trial, namely, that the credit application is inadmissible because the signatures of the guarantors were not authenticated.

The trial court rejected Marini's authentication objection because the signatures were not relevant to the issues being tried. Marini's defense, disclosed in response to the plaintiffs' demands for disclosure of defense, was claimed payment of the amount owed, not nonexecution of the application. Given Marini's claimed defense, the trial court did not abuse its discretion in admitting the document.

### III

Marini's final claim is that the award of attorney's fees was improper because the request was made and granted after the plaintiff had rested its case. Whether a trial court will permit further evidence to be offered after the close of testimony in a case is a matter resting in the sound discretion of the court. *Toffolon* v. *Avon*, 173 Conn. 525, 537, 378 A.2d 580 (1977). Furthermore, under certain circumstances, a court may

award attorney's fees even when no evidence of the value of a reasonable attorney's fee has been introduced at trial. *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 386, 494 A.2d 1216, cert. denied, 197 Conn. 808, 499 A.2d 58 (1985). The award of attorney's fees in this case was well within the court's discretion.

The judgment is affirmed.

In this opinion the other judges concurred.