[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a Hearing in Damages, the corporate defendants having been defaulted for their failure to appear. At the hearing, which only the plaintiff, Janet Hill, appeared, she testified that she rented a Buick automobile from the defendants and on November 1, 1989, while driving this auto in the company of a friend and her friend's baby, she smelled fumes, decided to stop the car and just as they all exited the car, the vehicle burst into flames. She became very nervous about the incident since the baby came very close to having been injured. Following the incident, she visited her own physician, and then went to the emergency room at St. Mary's Hospital. She brings this four count complaint in which she alleges negligence, negligent infliction of emotional distress, malicious and wanton conduct and a Connecticut Unfair Trade Practice violation. In addition to her testimony, the plaintiff offered three exhibits: her physician's medical record, the emergency record and a report from Barbara Moynihan, PhD, a psychiatric nurse who the plaintiff visited on one occasion on March 26, 1993. Ms. Moynihan reports that Ms. Hill "becomes very anxious when thinking about Buicks" and that her symptoms are consistent with post traumatic stress disorders.
The entry of a default in effect admits all of the facts pleaded. United National Indemnity Co. v. Zullo, 143 Conn. 124. That, however, does not discharge the plaintiff from presenting credible evidence as to damages. "The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive." Id. at 130. There was no evidence presented as to any out of pocket medical expenses, or other monetary losses. There was no evidence as to how this emotional incident and the resulting stress disorder adversely affected the plaintiff's life which would give the court some basis to assess monetary damages. The plaintiff has causally connected the stress disorder to the incident, but has not provided the court with any evidence whatsoever which the court could utilize to form a basis for awarding monetary damages for the alleged emotional distress. CT Page 3502 The plaintiff's attorney has represented to the court that relative to the punitive damage claim in the CUTPA count that he expended prior to trial about fifteen hours and that he bills his time at $125.00 per hour, which the court finds to be reasonable.
As to the negligence count and counts two and three, the court will award the plaintiff nominal damages in the amount of $100.00. With respect to the claim for punitive damages, the court will award damages on behalf of the plaintiff in the amount of $2,000.00. Judgment shall enter for the plaintiff as against the defendants in the amount of $2,100.00 plus costs.
PELLEGRINO, J.