[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (##111-2, 112, 114) CT Page 3073
Presently before the court are Motion for Entry of Judgment, Motion to Strike and Motion for Stay; each motion should be denied.
On September 13, 1990, defendant Anthony Gentile, while allegedly under the influence of cocaine, broke into the home of defendant Donna Prete and allegedly stabbed and bludgeoned her, fracturing her skull, and causing extensive stab wounds to her back, neck, shoulder, chest, and head. On January 10, 1992, defendant Gentile pleaded guilty under the Alford doctrine to the charges of assault in the first degree in violation of General Statutes 53a-59(a)(1) and burglary in the first degree in violation of General Statutes 53a-101(a)(1) and was sentenced to a term of imprisonment of 25 years. State v. Gentile, Superior Court, judicial district of New Haven, Docket No. CR7-133064 (January 10, 1992, Corradino, J.). Gentile is currently serving his sentence at Somers Correctional Institute.
On August 7, 1992, the defendant Donna Prete and her family brought a civil action against Anthony Gentile, Prete v. Gentile, Docket No. 336713, in the judicial district of New Haven ("the civil action"), alleging, inter alia, that Gentile negligently caused Donna Prete's injuries. The plaintiff, Aetna Casualty Surety Co. ("Aetna") is presently defending Gentile in that action under a full reservation of rights, pursuant to a Homeowners' Insurance Policy issued to Anthony Gentile's father by Aetna.
On February 3, 1993, Aetna brought this present declaratory judgment action in the judicial district of New Haven, against Gentile and the Prete family as defendants. Defendant Anthony Gentile did not answer in the present action and a default was entered against him on May 19, 1993. On July 8, 1993, the plaintiff filed a motion for entry of judgment after default against defendant Anthony Gentile seeking a judgment declaring that Aetna has no duty to defend or indemnify defendant Anthony Gentile for the claims made against him in the civil action brought by the Pretes because
 (1) Gentile is not an insured under Aetna Homeowners' Insurance Policy No. 244SQ3030-3351PCS because at the time of the incident for which coverage is sought, Gentile was not a resident of the policyholders' household; CT Page 3074 (2) the bodily injuries to Donna Prete for which Gentile seeks coverage were expected or intended by Gentile and therefore excluded from coverage; (4) Gentile breached the conditions of the policy by failing to give written notice to the plaintiff of an "occurrence" as soon as practicable; and (5) Gentile breached the conditions of the Policy by failing to forward to the plaintiff every notice, demand, summons or other process relating to the alleged "occurrence."
On July 26, 1993, the Prete defendants simultaneously filed objections to the plaintiff's motion for entry of judgment, #113, a motion to strike, #112, and a motion for stay of the declaratory judgment proceedings, #114. On September 2, 1993, the plaintiff filed objections to the motion to strike and the motion to stay, and a reply to the Prete defendants' objection to the entry of judgment. On October 4, 1993, the Prete defendants filed supplemental memoranda in support of their motions to strike and to stay the proceedings, and filed a supplemental memorandum in opposition to the entry of judgment.
The first issue to be addressed, under the motion for entry of judgment, is whether the parties are collaterally estopped from litigating the issue of Gentile's intent in the present action by Gentile's prior Alford plea in the criminal case.
 Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . "`For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.'"
Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296. In the Aetna case, the plaintiff's insured murdered his wife and was convicted of manslaughter after a full jury trial. Id., 288. At the time of the murder, the defendant was insured by the plaintiff under a homeowners' policy which provided coverage to the defendant for bodily injury claims, but limited coverage only to those claims CT Page 3075 not intentionally caused by the insured. The administratrix of the wife's estate, Jones, then brought a wrongful death action against the defendant. The plaintiff then brought a declaratory judgment action to determine the extent of its obligation to indemnify under the terms of the policy.
The plaintiff moved for summary judgment on the ground that there was no genuine issue of material fact with respect to the defendant's intent to murder his wife because the issue was conclusively determined by the criminal trial and, therefore, principles of collateral estoppel barred Jones from relitigating the issue in the declaratory judgment proceeding. The trial court denied the motion.
On appeal, the Supreme Court overruled the denial, holding that the defendant was barred by collateral estoppel from relitigating the issue of intent. In addition, the court held that the lack of mutuality, i.e., the fact that the administratrix had not been a party to the prior criminal proceeding, would not bar the assertion of collateral estoppel against her in the declaratory judgment action. Id., 303. The court held that the administratrix was in privity with the defendant, and was, therefore, also barred by collateral estoppel from contesting the issue of the defendant's intent because the defendant and the administratrix "shared identical legal rights in any potential proceeds derived from the contractual relationship between [the defendant] and his insurance company" under General Statutes 38-175 (now General Statutes 38a-321). Id., 305.
The court, however, warned that
 [w]henever collateral estoppel is asserted, but especially in those cases where there is a lack of mutuality or the doctrine of privity is raised, the court must make certain that there was a full and fair opportunity to litigate. The requirement of full and fair litigation ensures fairness, which is a "crowning consideration" in collateral estoppel cases. . . . In determining whether there was full and fair litigation, the seriousness of the allegations or the criminal charge at the prior hearing is a factor to be considered. . . . If the offense charged is of a minor or trivial nature, a defendant might CT Page 3076 not be sufficiently motivated to challenge the allegations made at trial. In such a case, it might be unfair to allow collateral estoppel to be asserted later against him. Similarly, if the nature of the hearing carries procedural limitations that would not be present at a later hearing, the party might not have a full and fair opportunity to litigate.
(Emphasis added; Id., 306. The court, however, expressly declined to address the issue, i.e., "whether a judgment rendered on the basis of a criminal defendant's guilty plea could satisfy the requirement of full and fair litigation for the purposes of collateral estoppel." Id., 307 n. 22.
In Rawling v. New Haven, 206 Conn. 100, 111, the Supreme Court noted, in dicta, that
 [a]s a general rule, a criminal judgment based on a plea of nolo contendere or a plea of guilty has no preclusive effect in a subsequent civil action, even though, under the law of evidence, a plea of guilty may constitute an admission against interest. 1 Restatement (Second), Judgments 85, comment b (1982). This rule is justified because neither type of plea is the product of actual litigation.
In Home Insurance Co. v. Aetna Life Casualty Co.,2 Conn. L. Rptr. 595 (October 16, 1990, Berdon, J.), the defendant insured under a basic homeowners' policy the parents of Barry Schuss, who had pleaded guilty to the crime of arson in the third degree, in violation of General Statutes 53a-113(a), for causing a fire which damaged the property of the plaintiff's insured. The plaintiff brought suit against the defendant under the provisions of General Statutes 38-175 (now General Statutes 38a-321) for the amount of a judgment the plaintiff had obtained against the defendant's insured for the damage to the property of the plaintiff's insured. The defendant moved for summary judgment, arguing that the insured's guilty plea to arson in the third degree in the criminal case collaterally estopped the parties from litigating the issue of the insured's intent, and therefore, precluded the insured from coverage. The court (Berdon, J.) CT Page 3077 denied the motion for summary judgment, holding in part that a guilty plea in the criminal case does not have a preclusive effect on the issue of the insured's intent, relying on Restatement (Second), Judgments, 85, comment b. See Rawling v. New Haven, supra. The majority of jurisdictions are in accord with this result. Safeco Ins. Co. of America v. McGrath, 42 Wash. App. 58,708 P.2d 657, 660 (Wash.App. 1985) (and cases cited in footnote 4, therein), rehearing denied, 105 Wash.2d 1004 (1986); Prudential v. Koller, 578 A.2d 1238, 1241, 243 N.J. Super. 150 (App.Div. 1990); but see Merchants Mut. Ins. Co. v. Arzillo, 98 App.Div.2d 495,472 N.Y.S.2d 54 (N.Y.App. 1984) (guilty plea to third degree assault given preclusive effect under doctrine of collateral estoppel); Ideal Mut. Ins. Co. v. Winker, 319 N.W.2d 289 (Iowa 1982) (guilty plea to second degree murder had preclusive effect where policy excluded damages resulting from criminal act).
The issue of intent was never fully litigated in the criminal proceeding. Therefore, the doctrine of collateral estoppel does not preclude the determination of the defendant Gentile's intent in this proceeding.
Practice Book 364 provides the proper method for obtaining a judgment following the default of a party. The Pretes assert three grounds in opposition to the entry of judgment: (1) that the entry of a default against Gentile does not affect the plaintiff's cause of action as against the other defendants, (2) that the entry of a default judgment in this case would circumvent the requirements of General Statutes 38a-321, and (3) the entry of default judgment on the basis of Gentile's default would work an injustice against the Prete defendants who are the real parties in interest.
The plaintiff argues that the entry of the default judgment in the present case is proper and will conclude the declaratory judgment action. It contends that the Prete defendants are nominal parties, named in the action only for the purposes of notice, and therefore, they have no stake in the declaratory judgment action. The plaintiff asserts that the narrow purpose of the action is to determine the rights and obligations of the parties to the insurance contract, the plaintiff and Gentile. Therefore, the plaintiff argues that because the Pretes were not parties to the contract, they have no stake in the present proceeding. Also, the plaintiff argues that the Pretes' rights to assert any subrogation claims under General Statutes 38a-321 are inchoate, depending upon a favorable judgment in the pending civil litigation, and, CT Page 3078 therefore, the Pretes have no rights under the insurance policy at this time, and therefore no standing to assert coverage in the present action.
However, "[i]t is generally held that an injured person having a claim against an insured tortfeasor has a legal interest in a coverage dispute with the insurer and must be either notified or joined as a party in a declaratory judgment action to decide the coverage question." (Citations omitted.) Connecticut Ins. Guaranty Assn. v. Raymark Corporation, 215 Conn. 224, 228, (court did not have jurisdiction over declaratory judgment action to determine obligation of statutory insurer to the insured parties of an insolvent insurance company, because parties with claims against insured were not named or represented in the action). Injured persons are "`certainly proper parties to a suit by the liability insurer to determine the coverage of its policy, and the better rule would seem to be that they are both proper and necessary parties to the maintenance of the suit.' 20 Appleman, Insurance Law and Practice 11371." Id., 229.
"`[T]he entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to judgment. Thus, the defaulted defendant is precluded from making any further defense to the action.'" Aetna Casualty Surety Co. v. Jones, supra,220 Conn. at 295
n. 12; see also Travelers Indemnity Co. v. Rubin, 209 Conn. 437,445; O G Industries, Inc. v. Mizzoni, 23 Conn. App. 19, 22
n. 2. A default against a co-defendant does not constitute a judgment but rather constitutes an order precluding the defaulted defendant from making any further defenses in the case so far as liability is concerned. Culetsu v. Dix, 149 Conn. 456, 458; O G Industries, Inc. v. Mizzoni, supra. The entry of default against one co-defendant, "in no way affect[s] the plaintiffs' cause of action against the other defendants." Culetsu v. Dix, supra, 458. Having failed to provide proper notice to the plaintiff of his intention to contest liability at the hearing in damages, Gentile may not contest the allegations in the plaintiff's complaint. General Statutes 52-221; Practice Book 367; Travelers Indemnity Co. v. Rubin, supra, 445 n. 7, citing DeBlasio v. Aetna Life Casualty Co., 186 Conn. 398, 401.
The co-defendants, the Pretes, being parties in interest in this action, are not precluded from asserting that the defendant Gentile's acts were covered under the policy, nor are they precluded from calling Gentile as a witness in the declaratory CT Page 3079 judgment action to prove their defense. Culetsu v. Dix, supra, 458.
United National Indemnity Co. v. Zullo, 143 Conn. 124, deals with the effect of a codefendant's default in a declaratory judgment action brought by an insurer to determine coverage. In Zullo, an insurance company brought a declaratory judgment action to determine whether a policy issued by it covered an automobile accident. The plaintiff's insured, John Zullo, had allowed another defendant, Fred Zullo, to borrow his car. The plaintiff's policy covered any person driving the insured's car with his consent. While driving the car, Fred Zullo was involved in an accident, in which his passenger, Carmello Zullo — also his wife, was injured. In an action sounding in negligence, Carmello then recovered a judgment against Fred. The policy required the insured to cooperate with the plaintiff in the litigation concerning the accident.
In the declaratory judgment action brought against all three Zullos as defendants, the plaintiff insurer alleged that defendant Fred had represented that the accident was caused when he fell asleep while driving. The plaintiff alleged that, after the trial, Fred disclosed that the accident actually had been caused when Carmello hit Fred with a flashlight. The plaintiff, therefore, alleged that Fred had failed to cooperate, as required by the terms of the policy, and the plaintiff sought a prayer for relief requesting the court to determine whether the misrepresentation excluded coverage under the terms of the policy. The defendants Fred and John Zullo failed to appear for the trial of the case. The plaintiff moved for a default to be entered against Fred and John Zullo, but the court denied the motion. The court then found that the policy covered the defendants. The plaintiff appealed, arguing that the default would have admitted the allegations of the complaint, thus allowing judgment to be entered in the plaintiff's favor. Id., 129.
The Supreme Court found that the failure to enter a default was not a reversible error. "In a declaratory judgment action, the prayer is not that the court declare that the plaintiff has certain rights and immunities but rather that the court determine whether he does have such rights and immunities." Id. 131. The court concluded that the default "would not have constituted an admission that Fred had failed to co-operate. It would have had the effect of an admission only that a question had arisen which entitled the plaintiff to a judgment determining whether the policy covered the accident." Id., 131-32. CT Page 3080
Insofar as the plaintiff in the present case moves for a judgment that would prohibit the Prete defendants from contesting the issue of coverage raised by the plaintiff's complaint for declaratory relief, the Prete defendants' objection to the plaintiff's motion for judgment is sustained.
The Prete defendants move to strike the plaintiff's complaint on the ground that there is another, more appropriate forum to hear the issues raised in the plaintiff's complaint. See Practice Book, 390(c) ("The court will not render declaratory judgments . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure.") The Prete defendants also assert as a ground for the motion to strike that they have properly pleaded coverage and, therefore, the declaratory judgment action should be stricken.
The question of "whether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 293; England v. Coventry,183 Conn. 362, 365. "`[A] successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed.'" Aetna Casualty Surety Co. v. Jones, supra, 293-94, quoting England v. Coventry, supra, 365. Nevertheless, "[t]o deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Aaron v. Conservation Commission, 178 Conn. 173, 179.
The Prete defendants move to strike this declaratory judgment action on the ground that the civil action between the Pretes and Gentile is a more appropriate proceeding to consider the issues raised by the plaintiff's complaint. However, the issues affecting coverage under the plaintiff's insurance policy, raised in the plaintiff's complaint for declaratory judgment, will not be litigated in the pending civil action. The plaintiff's complaint raises issues not only of Gentile's intent, but his residence status and his compliance with the terms of the policy. Therefore, the Prete defendants' motion to strike on this ground is denied.
The Prete defendants also move to strike on the ground that the plaintiff has a more appropriate statutory remedy than the present declaratory judgment action to determine its liability, CT Page 3081 namely an action based on General Statutes 38a-321.
General Statutes 38a-321 does not clearly afford a speedy remedy as effective, convenient, appropriate, and complete as this declaratory judgment action; the remedy provided by General Statutes 38a-321 would not become effective until thirty days after a judgment is rendered in the pending civil case.
Therefore, the Prete defendants' motion to strike on this ground is denied.
Lastly, the Prete defendants assert as a ground for the motion to strike that they have properly pleaded coverage in the pending civil action between the Pretes and Gentile. A declaratory judgment action is the appropriate method for an insurance company to determine its obligation to defend and indemnify an insured. The Prete defendants' last ground in support of the motion to strike does not assert why the plaintiff's declaratory judgment complaint fails to state a proper cause of action for declaratory relief. Therefore, the Prete defendants' motion to strike as to the final ground is denied.
The Prete defendants move to stay the declaratory judgment proceedings on essentially the same grounds as were raised by the motion to strike, i.e., that the pending civil litigation between Donna Prete and Anthony Gentile provides a more adequate means to resolve the issues raised in the plaintiff's complaint for declaratory relief and that General Statutes 38a-321 provides a more appropriate remedy to resolve the issues raised in the plaintiff's complaint for declaratory relief. The motion to stay raises the same issues as were raised in the motion to strike, and therefore, no independent analysis is required.
The motion to stay the proceedings is denied.
Accordingly, the Motion for Entry of Judgment is denied; the Motion to Strike is denied; and the Motion for Stay is denied.
Ronald J. Fracasse, Judge