[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After reviewing the plaintiff's brief dated September 16, 2002, and the defendant's brief dated October 18, 2002, and at the request of counsel by letter dated December 20, 2002, the court makes the following determinations concerning the proper scope of damages, which will enable the parties to prepare for the hearing in damages scheduled for March 25, 2003.
1) In a hearing in damages following default, the plaintiff can have no greater damages than that demanded in the complaint. Connecticut Rules of Practice § 17-41. Accordingly, the plaintiff is limited to its prayer for relief in its complaint dated September 6, 2000. Evidence submitted at the hearing must conform to same.
2) The plaintiff's first request for relief, "An order requiring the defendants to perform the contractual obligations contained in the letter agreement," seeks the equitable remedy of specific performance. ". . . [i]n equitable actions (where default has entered) the principles of equity require that the plaintiff prove the allegations contained in his complaint so that equitable relief may be granted . . . the plaintiff must `establish his right to relief to the court's satisfaction, even though some issues may have been laid at rest by the default.'" Ratnerv. Willametz, 9 Conn. App. 565, 576, 520 A.2d 621 (1987); citing: 1 E. Stephenson Connecticut Civil Procedure 163, p. 656. "The availability of specific performance is not a matter of right, but depends rather upon an evaluation of equitable considerations." (Internal quotation marks omitted.) Allen v. Nissley, 184 Conn. 539, 546, 440 A.2d 231 (1981). "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) Northeast Savings, F.A. v. Hinthan,241 Conn. 269, 275, 696 A.2d 315 (1997); Amresco New England II, L.P. v.Colossale, 63 Conn. App. 49, 55, 774 A.2d 1084 (2001). Moreover, the "trial court's determination to award or to refuse damages as an incident to a decree of specific performance rests to a significant extent in the CT Page 2810 exercise of the court's discretion, depending upon the equities of the case and based on reason and sound judgment." (Internal quotation marks omitted.) Allen v. Nissley, supra, 184 Conn. 546. "[U]nder the traditional views, specific relief will be denied when . . . the legal remedy is regarded as adequate or the plaintiff is not subjected to irreparable harm by the breach . . . The specific performance remedy is a form of injunctive decree in which the court orders the defendant to perform the contract . . . The specific performance decree originated in the old equity courts and continues today to be thought of as an equitable remedy, with the usual attributes of such remedies." Marquardt Roche/Meditz H. v. Riverbend E. CT, 74 Conn. App. 412, 430,810 A.2d 319 (2003), citing 3 D. Dobbs, Law of Remedies (2d Ed. 1993) § 12.8(1), pp. 190-91. "When the specific performance of a contract is sought to be enforced, courts of equity will look to the substance of the transaction, to the purpose of the agreement and the real understanding of the parties, whether expressed in the written contract or not, and will never decree the specific performance of a contract when its enforcement will defeat the primary object of the agreement and the real understanding of the parties." Clowes v. Miller, 74 Conn. 287, 295,50 A. 728 (1901). Evidence will be allowed in accordance with the above.
3) The plaintiff's second request for relief, "A declaration that the defendants are liable for all costs associated with the contamination on the site," seeks declaratory relief, a claim for which is controlled by Connecticut Rules of Practice §§ 17-54 through 17-56. "An action for a declaratory judgment is an action at law and not in equity, at least when . . . the rights or immunities to be declared are such as would normally be decided in an action at law." United National Indemnity Co. v. Zullo,143 Conn. 124, 129, 120 A.2d 73 (1956). "The effect of the entry of a default is different in an action at law from what it is in an equitable action. In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. It is not the equivalent of an admission of all of the facts pleaded. The limit of its effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. It does not follow that the plaintiff is entitled to a judgment for the full amount of the relief claimed. The plaintiff must still prove how much of the judgment prayed for in the complaint it is entitled to receive." Supra, United National Indemnity Co. v. ZuIlo,143 Conn. 124, 129-30 (internal citations omitted). In this regard, the terms and conditions of the Letter Agreement are relevant. While the plaintiff appears to argue that the defendants' rights and the plaintiff's CT Page 2811 responsibilities under the contract have not been "triggered," the court must attempt to put the plaintiff in the same position it would have been in had the contract been fully performed. Bachman v. Fortuna,145 Conn. 191, 194, 141 A.2d 477 (1958). To ignore the plaintiff's responsibilities under the contract would place the plaintiff in a "better" position than it would have been in had the contract been fully performed by the parties.
4) The plaintiff's third request for relief, "An order requiring the defendants to undertake any action required to comply with the Transfer Act," as it pertains to the contract claim, seeks the remedy of specific performance; accordingly, the principles articulated in ¶ 2 apply.[1]
Moreover, if this remedy is claimed under the statutory count, it exceeds the scope of damages which are provided by Connecticut General Statute § 22a-134b, the section of the Transfer Act which provides a private cause of action by the transferee as against the transferor (italics added).
5) The fourth request for relief in the plaintiff's complaint seeks costs and reasonable attorneys fees for prosecuting this action, under the authority of Connecticut General Statute 22a-134b, which provides for the recovery of all "direct and indirect damages." The plaintiff's evidence of costs and reasonable attorneys fees will be limited accordingly. The court notes that this is the only request for monetary damages in the plaintiff's prayer for relief.
It is so ordered.
WOLVEN, JUDGE